# United States Court of Appeals for the Fifth Circuit

---

No. 25-40049
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

August 11, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Omar Tijerina,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:24-CR-39-1

---

Before Haynes, Graves, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

After a jury found Omar Tijerina guilty of possession with intent to distribute and conspiracy to possess with intent to distribute cocaine, the district court sentenced him at the top of a guidelines range that was based on a drug quantity calculation of over three kilograms of cocaine. Tijerina now contends, and the Government agrees, that the drug quantity calculation

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

was plainly erroneous because it included two kilograms of cocaine not supported by the record.

We independently review this unpreserved issue for plain error, *see United States v. Aparicio*, 963 F.3d 470, 473 (5th Cir. 2020), notwithstanding the Government's concession, *see United States v. Hope*, 545 F.3d 293, 295 (5th Cir. 2008). Based on the parties' arguments and the record as a whole, we are persuaded that the district court clearly and obviously erred by including those two additional kilograms of cocaine in the drug quantity calculation. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). The error affected Tijerina's substantial rights, *see Molina-Martinez v. United States*, 578 U.S. 189, 200-01 (2016), and we exercise our discretion to correct it, *see Rosales-Mireles v. United States*, 585 U.S. 129, 145 (2018). Because the sentence must be vacated on this basis, we do not address Tijerina's additional argument regarding another component of the drug quantity calculation. *See United States v. Akpan*, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

Based on the foregoing, we VACATE Tijerina's sentence and REMAND for resentencing.